of August, 1956. The information based upon the complaint, alleged that the offense was committed on or about the 27th day of August, 1956.

Because of the different dates of the commission of the offense as alleged there is a fatal variance between the complaint and information. 23 Tex.Jur. 604, Sec. 13; 1 Branch's Ann.P.C., 2nd Ed., 456, Sec. 455; Lackey v. State, 53 Tex.Cr.R. 459, 110 S.W. 903; Kelly v. State, 81 Tex.Cr.R. 408, 195 S.W. 853; Bayless v. State, 136 Tex.Cr.R. 1, 123 S.W.2d 354; Murphy v. State, 149 Tex.Cr.R. 269, 193 S.W.2d 820; Dixon v. State, 161 Tex.Cr.R. 626, 279 S.W.2d 868.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.

No attorney for appellant of record on appeal.

Henry M. Wade, Dist. Atty., George P. Blackburn, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Drunken driving is the offense; the punishment, three days in jail and a fine of $125.

The record before us contains no statement of facts or bills of exception. All proceedings appear to be regular. Nothing is presented for review.

The judgment is affirmed.

Bobby Joe CHILCUTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 28765.

Court of Criminal Appeals of Texas.

Jan. 16, 1957.

Jessie GARCIA, Appellant.

v.

The STATE of Texas, Appellee.

No. 28720.

Court of Criminal Appeals of Texas.

Jan. 23, 1957.

